**In the Matter of GENERAL INSECTI-CIDE CO., Inc., Bankrupt.**

**No. 124, Docket 32549.**

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1968.

Decided Nov. 14, 1968.

Kenneth A. Payment, Rochester, N. Y. (Wiser, Shaw, Freeman, VanGraafeiland,

Harter & Secrest, Rochester, N. Y., on the brief), for appellant Robfogel Mill-Andrews Corp.

(Kiley, Feldmann, Whalen, Fuller & Devine and James J. Devine, Jr., Oneida, N. Y., on the brief), for appellee trustee in bankruptcy.

Before FRIENDLY, ANDERSON and FEINBERG, Circuit Judges.

ANDERSON, Circuit Judge:

On March 14, 1967, the Trustee in Bankruptcy petitioned the Referee for an order authorizing the private sale of a Weldetron Sealer and a Power Weld Plastic Sealer to Oneida Die Press Specialties, Inc. for $380. The Trustee represented that no higher price could be obtained at public auction and, in addition, the expense of an auction would thereby be saved. Accepting the view that $380 was the "best price available," the Referee issued an order authorizing the sale. None of the bankrupt's creditors received notice of this private sale; nor were they notified that confirmation of the sale was entered on March 15, 1967.

On May 9, 1967, the appellant, a creditor of the bankrupt, petitioned the Referee to set the sale aside on the grounds that the price was too low, that notice of the sale was not given, and that a conflict of interest was involved. The Referee denied the petition, and the District Court affirmed, noting that it was reviewing not an order of confirmation but an order denying a petition to set aside a sale.[1]

■ If this court were now reviewing a confirmation, it would probably reverse the judgment below as the court did in In re Park Distributors, Inc., 176 F.Supp. 38 (S.D.Cal.1959), upon which appellant heavily relies. Section 58(a) of the Bankruptcy Act provides, in pertinent part:

"Creditors shall have at least ten days' notice by mail * * * of * * *

(4) all proposed sales of property: *Provided,* That the court may, upon cause shown, shorten such time or order an immediate sale without notice * * *."

11 U.S.C.A. § 94(a). *Park* held that the notice requirements of § 58(a) (4) should not be dispensed with for reasons of convenience, but only if the particular asset to be sold or the bankrupt estate in general would be appreciably reduced in value by the administrative costs entailed in giving notice or if an advantageous sale would be lost or if the property to be sold would substantially depreciate in value during the notice period. 176 F.Supp. at 42. This is a correct interpretation and application of § 58(a) (4). Judged by these standards, there was no justification for a private sale in this case which occurred 29 days before the public auction of the bankrupt's remaining assets.

■■ But this is not an appeal from the denial of a petition to review a confirmation order. Section 39 of the Bankruptcy Act requires a party aggrieved by an order of the Referee to petition for review within 10 days after entry of the order. The appellant did not seek such relief within the statutory period, allegedly because he never received notice of the order. Such a failure to receive notice, however, does not relieve a creditor from the strict interpretation of § 39 intended by Congress. In the Matter of Victor P. Danenza, 200 F.Supp. 694 (E.D.N.Y.1962); St. Regis Paper Co. v. Jackson, 369 F.2d 136 (5 Cir. 1966); 2 Collier, Bankruptcy ¶ 39.20 at 1494 n. 10, 1495–96 (14th ed. 1966). It is incumbent upon creditors to follow the record of the administration of the bankruptcy estate and discover for themselves orders which they may want to challenge.

■■ The standard for setting aside a sale is stricter than that applied in a

---

1. Our non-discretionary appellate jurisdiction is established by appellant's claim that the machinery which sold at private sale for $380 may well have realized $1000 at the public sale. 11 U.S.C.A. § 47(a). See, 2 Collier, Bankruptcy ¶ 24.42 at 802–807 (14th ed. 1966).

direct attack upon a confirmation. In the latter, the governing principle is to obtain the best price for the bankruptcy estate whereas in the former there is greater emphasis upon finality in judicial sales and executed contracts, unless they are "tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction." 4A Collier, Bankruptcy, ¶ 70.98 [16], 1183, 1184–94 (14th ed. 1967); In re Burr Mfg. & Supply Co., 217 F. 16, 19 (2 Cir. 1914). In this case, the absence of notice of the sale is not a sufficient ground for voiding this transaction.

The claims of inadequacy of price and conflict of interest are not so great in this case as to require a disturbance of the finality of the sale. Considering that the machines had an appraised value of $550, the sale price of $380 does not shock the conscience of the court. And, finally, the mere allegation of a tenuous conflict of interest does not warrant reversal. Donovan & Schuenke v. Sampsell, 226 F.2d 804 (9 Cir. 1955), emphasized by the appellant, is inapposite because the purchaser in the present case was not a fiduciary with respect to the property sold.

The judgment of the District Court is affirmed.