Charles W. **WOLVERTON**, Appellant,

v.

**SHELL OIL COMPANY**, Appellee.

No. 23768.

United States Court of Appeals, Ninth Circuit.

May 13, 1971.

William I. Cohen (argued), William E. Anderson, Jr., Palo Alto, Cal., for appellant.

Bernard Petrie (argued), McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., William Simon, Paul E. d'Hedouville, of Howrey, Simon, Baker & Murchison, Washington, D. C., for appellee.

Before MADDEN, Judge, United States Court of Claims, CHAMBERS and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

This is an appeal from an order setting aside a private sale by a trustee in bankruptcy to the bankrupt, Wolverton, of an antitrust cause of action. We affirm.

The bankrupt had been in the retail oil business and owned 60% of the stock of a corporation, Wolverton Oil Company. On September 30, 1963, he acquired from that company a cause of action against major oil companies for claimed violation of the antitrust laws. On April 16, 1964, he filed a voluntary petition in bankruptcy. As a result, the cause of action and his stock in Wolverton Oil Company passed to the trustee in bankruptcy.

On March 10, 1965, the trustee petitioned for confirmation of a sale to the bankrupt of "90% of the stock in said Wolverton Oil Company for the sum of $100.00." The petition recited that the company's only asset was the antitrust cause of action; it said nothing about any cause of action belonging to the bankrupt estate. On the same day, the referee entered an order authorizing and confirming sale to the bankrupt "for the sum of $100.00 of 90% of the stock in Wolverton Oil Company."

Section 58(a) (4) of the Bankruptcy Act provides:

"Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors, of * * * (4) all proposed sales of property: *Provided,* That the court may, upon cause shown, shorten such time or order an immediate sale without notice * * *." (11 U.S.C. § 94(a) (4)).

No notice was given; no order was made shortening time or ordering sale without notice; no good cause was found for not giving notice.

About a year and a half later, someone apparently woke up to the fact that the bankrupt, not the company, had owned the cause of action. On October 20, 1966, the trustee applied for an amended order. His application recites:

"that the offer to purchase the stock of Wolverton Oil Company as reported in said application and order, was made and accepted with the intent to transfer and sell to said bankrupt any and all causes of action which said bankrupt had at the time of the filing of his petition in bankruptcy against any oil company for violation of the anti-trust laws; that through inadvertence the order confirming applicant's private sale of personal property confirmed only the sale of 90% of the stock, although the application referred to the stock and the anti-trust litigation."

The draftsman of this application neglected to mention that the previous application proposed only a sale of the stock. On the same day an order was entered "nunc pro tunc March 10, 1965," granting the application and amending the March 10, 1965 order, reading:

"and that said Trustee's sale to CHARLES W. WOLVERTON for the sum of $100.00 of 90% of the stock in WOLVERTON OIL COMPANY, and any and all causes of action which Charles W. Wolverton had at the time of filing his petition in bankruptcy against any oil company for violation of the Anti-Trust Laws which caused damage to Charles W. Wolverton or the Wolverton Oil Company, provided that 10% of any net proceeds after payment of costs shall be payable to the Trustee, be and it is hereby confirmed."

Again, no notice to creditors was given and no order was made shortening time for notice, or for sale without notice, or finding good cause for not giving notice. The court set both orders aside on September 28, 1968. It is from that order that appeal is taken.

The petition to set aside the referee's orders was filed by Shell Oil Company. It is a defendant in the antitrust claims. It is the assignee of Time Oil Company, which had an unsecured and unfiled claim against the bankrupt for $22,500. Shell acquired the claim on October 12, 1967, and filed it on October 13, 1967, together with an application to set aside the sale. A proceeding by the trustee

against Time Oil Co. to set aside an alleged preference was then pending. We are told that since that time Time Oil has been found liable in that proceeding. By the time Shell filed its claim and its application to set aside the referee's orders, settlements against various of the antitrust defendants totalling $150,000 had been made. Shell, however, had not settled.

█ Obviously, Shell became a creditor to gain some advantage in its capacity as an antitrust defendant. Equally obviously, the trustee and the referee were more than a little remiss in fulfilling their duties to the creditors of the bankrupt. We have no sympathy for Shell's maneuvers. But we find apt the language of the court in Mason v. Ashback, 10 Cir., 1967, 383 F.2d 779, which also involved a sale to the bankrupt of a chose in action. There the court said:

"Here the bidders were the only persons, except the creditors, who could have been interested in the price paid for the chose in action. The bidders were each interested in receiving the chose for the lowest possible amount, whereas, the unrepresented creditors were interested in obtaining the greatest possible amount for their benefit at the time of distribution of the assets. There were no creditors present at the time of bidding nor is there any indication they were given notice of the procedure. 'The sale was wholly illusory. The action of the trustee in petitioning for leave to make the sale and the order of the referee directing the sale were clearly improvident and worked a legal fraud on the creditors.' Webster v. Barnes Banking Co., supra, [10 Cir.] 113 F. 2d [1003] at page 1006."

Compare Donovan & Schuenke v. Sampsell, 9 Cir., 1955, 226 F.2d 804; Webster v. Barnes Banking Co., 10 Cir., 1940, 113 F.2d 1003. Because what is here involved is a failure of the trustee and the referee to comply with the provisions of the Act enacted for the benefit and protection of trust beneficiaries, the credi-

tors, and because the sale was to the bankrupt, we conclude that the District Judge was right.

█ The Act does not prohibit a bankrupt from buying assets from the trustee, and an old case holds that he may do so. Traer v. Clews, 1885, 115 U.S. 528, 541, 6 S.Ct. 155, 29 L.Ed. 467. Assuming that this is still the law, it is still true that a sale to the bankrupt, especially when it is of an asset such as a cause of action of unknown but potentially great value, as here, offers opportunities for skulduggery that make it suspect. *Cf.* Phelps v. McDonald, 1878, 99 U.S. 298, 305, 25 L.Ed. 473. Such a sale, when conducted with the total informality that here appears, ought not to stand.

█ The bankrupt argues that Shell had no standing to seek to set the orders aside. First, he points to the fact that the Time Oil Co. claim was not filed within the time specified for filing creditors' claims. The point might have merit were it not for the fact that, with title to the antitrust claims revested in the trustee, there will be more than enough settlement proceeds to pay allowed claims in full. Section 57(n) of the Act (11 U.S.C. § 93(n)) provides:

"When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall be allowed against any surplus remaining in such case."

This language was "designed to remedy the inequity of returning property to the bankrupt as long as there are creditors, however tardy, whose claims have not been satisfied even in part." 3 Collier on Bankruptcy ¶ 57.33 at 398 (14th ed. 1969). *Cf.* Gerber v. Fruchter, 2 Cir., 1945, 147 F.2d 120, 123; In re Stein, S.D.N.Y.1953, 111 F.Supp. 327, 328–329. Perry v. Certificate Holders of Thrift Savings, 9 Cir., 1963, 320 F.2d

584 is not to the contrary, since there no surplus appeared. *Id.* at 589.

■■ Second, the bankrupt points to the proceeding against Time Oil for receiving a preference. He argues that until that preference is surrendered or adjudicated, Time's claim against the estate (and hence the claim of Time's assignee) cannot be prosecuted, citing section 57(g) of the Act, 11 U.S.C. § 93(g), and Katchen v. Landy, 1966, 382 U.S. 323, 330, 336, 86 S.Ct. 467, 15 L.Ed.2d 391. However, section 57(g) and Katchen v. Landy support only the proposition that the recipient of a void or voidable preference cannot have his claim allowed until he disgorges the preference. 382 U.S. at 330, 86 S.Ct. 467. They do not support the proposition that the recipient, as claimant, has no standing merely to challenge an improper private sale by the Trustee. *Cf.* Keppel v. Tiffin Savings Bank, 1905, 197 U.S. 356, 25 S.Ct. 443, 49 L.Ed. 790; In re Onondaga Litholite Co., 2 Cir., 1955, 218 F.2d 671, 673–674. Moreover, the logic underlying section 57(g) arguably does not apply when the recipient's claims are against the surplus only. See In re Morton, D. Mass., 1902, 118 F. 908.

The bankrupt argues that even if the sale could have been set aside on direct review of the confirmation orders, as in In re Park Distributors, Inc., S.D.Cal., 1959, 176 F.Supp. 38, it cannot be set aside long after the confirmation order has become final—at least not in the absence of such major defects as fraud. In re General Insecticide Co., 2 Cir., 1968, 403 F.2d 629. That case did not involve a sale by the trustee in bankruptcy to the bankrupt. Where such a sale is present, the dangers of interested dealing detrimental to the creditors outweigh *General Insecticide's* policy favoring finality.

■ After the referee denied Shell's application to set aside the sale, but before a formal written order was filed, Shell filed its petition for review by the District Court; it did not file a new petition for review after the formal order was filed. The bankrupt argues that the petition for review and all subsequent proceedings were void because the petition was premature. This argument has no merit. See Song Jook Suh v. Rosenberg, 9 Cir., 1971, 437 F.2d 1098.

Affirmed.