**In the Matter of Jackie E. GARLAND and Helen F. Garland, h. w.**

**No. 73-803.**

United States District Court, E. D. Pennsylvania.

Oct. 15, 1975.

Jay Meyers, Philadelphia, Pa., for petitioner.

Herman N. Silver, Philadelphia, Pa., for bankrupts.

## OPINION

FOGEL, District Judge.

Before us is an appeal from the denial by the bankruptcy judge of a judgment creditor's petition for reconsideration of the discharge of the bankrupts. We have reviewed the following documents: (1) the Certificate on Appeal of the bankruptcy judge, consisting of the judge's history of the case and discussion, the order entered on July 18, 1975, the notice of appeal, the designation of the contents for inclusion in the record on appeal, and transcripts of testimony taken at hearings held before the referee on January 28 and June 18, 1974; (2) petitioner's brief contra the orders of the bankruptcy judge denying reconsideration; (3) the bankrupts' brief contra allowance of the petition; and (4) petitioner's reply brief. Oral argument was heard on the petition on October 9, 1975, at which time a copy of the bankruptcy judge's statement of the case was submitted to us. After consideration of the foregoing material, and the matters presented to us at the oral argument, we dismiss petitioner's appeal for reasons hereinafter set forth.

Jackie and Helen Garland (Bankrupts) were sued by Arthur Goodman (Petitioner) in the Court of Common Pleas for Philadelphia County for assault and battery. Default judgment was entered in plaintiff's favor; thereafter a hearing was held and damages were assessed in the amount of $8500.00. The Garlands then petitioned for a discharge in bankruptcy. Mr. Goodman objected to the discharge of his judgment, claiming that the bankrupts should not be released, pursuant to the provisions of 11 U.S.C. § 35(a)(8):

> (a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (8) are liabilities for willful and malicious injuries to the person or property of another other than conversion as excepted under clause (2) of this subdivision.

While a tort claim is not "provable", and therefore not dischargeable under 11 U.S.C. § 103, a claim that has been reduced to a judgment is provable. *See Corley v. Cozart,* 115 F.2d 119 (5th Cir. 1940). The objection to discharge of the default judgment therefore had to be on the basis of 11 U.S.C. § 35(a)(8) —that the judgment was for a willful and malicious action. Judge Thomas J. Curtin, the Bankruptcy Judge, held hearings, and ruled on September 3, 1974, that the judgment creditor had failed to establish willfulness or mali-

ciousness. Accordingly, the debt was discharged.

■ Petitioner has represented that he would have appealed the ruling of Judge Curtin; however, he states that he did not receive notice that the discharge had been entered or that the objection had been dismissed. He alleged that he learned this fact sometime in January or February, 1975, after writing to the bankruptcy judge to inquire into the status of the case. The ten-day period for filing appeals, provided in 11 U.S.C. § 67(c), had expired, and therefore the order was a final one. A petition to open and reconsider the case was denied, and this appeal was thereafter filed in this court.

The position of the bankruptcy judge was that he could not reopen the matter. In the history which he filed with this Court, Judge Curtin stated that the ordinary office procedures were complied with, and that all persons listed on the docket for the Garland matter were mailed notices of the discharge and order.[1] Furthermore, he states that an objecting creditor may not sit back and await notice from the court, but is duty-bound to scan the records of judgments and discharges published daily, to determine when an order has been filed. *In re General Insecticide Company*, 403 F.2d 629 (2d Cir. 1968). No basis therefore exists for the discharge and order to be reopened.

We have reviewed the cited case, as well as *In re Park Distributors, Inc.*, 176 F.Supp. 38 (S.D.Cal.1959), cited in *General Insecticide* and by petitioner. We find that the position taken by the bankruptcy judge is correct as a matter of law. It is true that *General Insecticide*

was distinguished in *Wolverton v. Shell Oil Company*, 442 F.2d 666, 670 (9th Cir. 1971), but that case involved special dangers[2] which "outweigh[ed] *General Insecticide's* policy favoring finality." *Id.* at 670. No such circumstances are present here, and so the policy with respect to finality will control.

■ Even were we to have decided otherwise and opened the discharge, we would not have granted any relief to petitioner. The standard of review of a referee's findings of fact is quite limited. Bankruptcy Rule 810 provides:

> Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. *The court shall accept the referee's findings of fact unless they are clearly erroneous*, and shall give due regard to the opportunity of the referee to judge of the credibility of the witnesses.

(Emphasis added). While the existence of the judgment was not in dispute, and the default judgment itself could not be collaterally attacked, no determination had been made by any court as to the willful or malicious aspect of the alleged assault and battery.[3] Judge Curtin therefore held hearings on the matter and heard the testimony of both bankrupts and of the petitioner. In his report, he stated that he did not find petitioner a credible witness. Nothing in the evidence indicated willfulness or maliciousness; therefore he factually held that the judgment was not one which could not be released because of 11 U.S. C. § 35(a)(8).

We have reviewed the testimony as transcribed before Judge Curtin. We

---

1. Petitioner is so listed. For purposes of this motion, however, we will assume that the attorney never received the notice.

2. *E.g.*, potential fraud or interested dealing detrimental to creditors. *Wolverton, supra*, 442 F.2d at 670.

3. The cases cited by petitioner for the res judicata and collateral estoppel effects of the state court judgment on the willfulness

and maliciousness issue are inapplicable where, as here, that judgment is by default. The better practice for the collateral estoppel effect of default judgments is to limit it severely. Generally, a default judgment has no collateral estoppel effect in later suits involving different matters. *Tutt v. Doby*, 148 U.S.App.D.C. 171, 459 F.2d 1195 (1972); 1B J. Moore, Federal Practice ¶ 0.444[2] (2d ed. rev. 1975).

also heard arguments from the attorneys for the petitioner and the bankrupts. The evidence and the inferences to be drawn from it are as compatible with the thesis that Garland acted in self defense after an attack by Mr. Goodman as they are with petitioner's allegation that he was the victim of an unprovoked attack by Garland. The findings of the referee are not "clearly erroneous" [4] and would not have been set aside by us, were we to have reached the merits of the appeal from the referee's order for discharge.

The order of the bankruptcy judge will accordingly be affirmed.

4. Bankruptcy Rule 810.