24-2619-cv (L)
SEC v. Copper Leaf, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-five.

PRESENT:  RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
MARIA ARAÚJO KAHN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES SECURITIES &
EXCHANGE COMMISSION,

*Plaintiff-Appellee*,

U.S. ATTORNEY'S OFFICE – S.D.N.Y.,

*Intervenor*,

v.

Nos. 24-2619-cv(L),
24-2910-cv(CON),
24-2911-cv(CON)

COPPER LEAF, LLC,

       *Appellant*,

BRENT BORLAND, BORLAND CAPITAL
GROUP, LLC, BELIZE INFRASTRUCTURE
FUND I, LLC,

       *Defendants*,

CANYON ACQUISITIONS, LLC, ALANA
LATORRA BORLAND,

       *Relief-Defendants*,

EMIGRANT RESIDENTIAL, LLC,

       *Intervenor*.[*]

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Gregory J. Mascitti, Adam M. Swanson, Phillip Pavlick, McCarter & English, LLP, New York, NY |
| FOR PLAINTIFF-APPELLEE: | Jeffrey B. Finnell, General Counsel, Jeffrey A. Berger, Assistant General Counsel, Tracey A. Hardin, Solicitor, John R. Rady, Appellate Counsel, Securities & Exchange Commission, Washington, DC |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeals from orders of the United States District Court for the Southern

District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the appeals of the orders of the District Court are

DISMISSED for lack of jurisdiction.

In these consolidated appeals, Copper Leaf, LLC appeals from three orders

of the United States District Court for the Southern District of New York (Castel,

*J.*) arising from a civil enforcement action brought by the United States Securities

and Exchange Commission ("SEC") against Brent Borland and his companies for

violating various antifraud provisions of the federal securities laws.  The first

challenged order invalidated a lien purportedly held by Copper Leaf, the second

denied Copper Leaf's motion for reconsideration of that order, and the third

approved the sale of property located in Sag Harbor, New York that is

purportedly encumbered by Copper Leaf's judgment lien.  We assume the

parties' familiarity with the underlying facts and the record of prior proceedings,

to which we refer only as necessary to explain our decision to dismiss the

appeals.

While the SEC's enforcement action was pending, Copper Leaf, a victim of

Borland's fraud, commenced a separate action against Borland and others to recover a debt owed by one of Borland's companies. In that action, Copper Leaf obtained two judgments against Borland, both of which were docketed by the county clerk's office in the county where the Sag Harbor property was located.

In May 2024, in the SEC action, the District Court entered final judgment against Borland and his companies. The court ordered disgorgement of the proceeds of the fraud, which would be satisfied, as relevant here, by the appointment of a liquidation agent to sell the Sag Harbor property and the turnover to the SEC of any excess proceeds from the sale for eventual distribution to Borland's victims pursuant to a court-approved plan. By order dated August 30, 2024 (the "Lien Invalidation Order"), the District Court held that Copper Leaf did not create a valid lien on the Sag Harbor property under New York law when the county clerk docketed its judgments against Borland. In October 2024 the District Court denied Copper Leaf's motion for reconsideration of that decision (the "Reconsideration Order") and granted the SEC's motion to approve the sale of the Sag Harbor property (the "Sale Order"). Copper Leaf timely appealed all three orders.

The SEC contends that we lack appellate jurisdiction because the

4

challenged orders are not "final decisions" of the District Court within the meaning of 28 U.S.C. § 1291. With respect to the Lien Invalidation Order and the Reconsideration Order, we agree. Both post-judgment orders arose after the SEC filed a motion to invalidate Copper Leaf's lien so that "clear title to the [Sag Harbor] property" could be "convey[ed]" to a third-party purchaser and proceeds from the sale could be distributed to the victims of Borland's fraud. App'x 121. Because a distribution plan for the proceeds from the sale of the Sag Harbor property is inextricably intertwined with the Lien Invalidation Order and must still be proposed by the parties and approved by the District Court, there are "pending proceedings raising related questions" that have yet to occur. *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022) (quotation marks omitted). Applying a "practical . . . construction of finality," *United States v. Yalincak*, 853 F.3d 629, 636 (2d Cir. 2017) (quotation marks omitted), we conclude that the Lien Invalidation Order was but one step in the process by which the District Court would determine Copper Leaf's claim to the proceeds of the Sag Harbor property. Copper Leaf will have a later opportunity to appeal the Lien Invalidation Order if it is dissatisfied with the distribution plan. The "danger of denying justice by delay" is limited here. *Amara*, 53 F.4th at 250 (quotation

marks omitted).  Under these particular circumstances, the Lien Invalidation Order and the order denying reconsideration of that order are not "final" appealable orders.

We also conclude that Copper Leaf's appeal of the Sale Order is moot. "[E]ven if [a] case was live at the outset," intervening events can "render[ the case] moot on appeal." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (quotation marks omitted).  While Copper Leaf's appeal of the Sale Order was pending, the Sag Harbor property was sold to third-party purchasers.  Copper Leaf suggests that the sale may be reversed because, it claims, the purchasers were not good faith purchasers. *Cf. In re Gen. Insecticide Co.*, 403 F.2d 629, 630–31 (2d Cir. 1968).  But we see nothing in the record—and Copper Leaf fails to point us to anything—to substantiate that claim.  Any relief is therefore "so remote and speculative that a[] decision on the merits" would "run afoul of Article III's restriction of our power." *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006).

We have considered Copper Leaf's remaining arguments and conclude that they are without merit.  For the foregoing reasons, Copper Leaf's appeals are DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court