PROCTER & GAMBLE MFG. CO. v.
METCALF et al.
No. 11962.

United States Court of Appeals
Ninth Circuit.
March 16, 1949.

O'Melveny & Myers, Pierce Works, Richard C. Bergen and Howard J. Deards, all of Los Angeles, Cal., for appellant.

Lawrence M. Cahill, of Los Angeles, Cal., for appellees Day, and others.

Joseph Sattler, in pro. per.

Before MATHEWS and HEALY, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

An appeal has been brought from an order of the District Court reversing, vacating and setting aside an order by the referee in bankruptcy, which empowered the trustee to sell certain real property at private sale, and in the same document confirmed the sale so made. The order appealed from also adjudged the referee was acting beyond his jurisdiction in ordering the payment of a commission to a real estate broker.

The proceeding before the referee was initiated by a petition to sell a piece of real property upon which there was a producing oil well which had been leased to third parties theretofore. Objections were filed and a hearing held. At the end of the proceeding, the order was made confirming the sale. The distinction between the order for which the proceeding was initiated and that which was obtained was procedural but fundamental. The attempt has been made to confer upon the order a finality which it could not obtain if it were simply an order approving the terms of a sale.

The District Judge held a lengthy hearing, at which it developed that the conditions had changed since the price of oil had increased. The lease was yielding considerable royalties to the estate in bankruptcy. The question arose as to whether, under the terms of the contract to sell the reversion, this revenue might not be cut off entirely from the estate in bankruptcy. The trustee, who had petitioned for the sale, had decided that he had not sufficiently protected bankrupt. Furthermore, it was plain that the stipulations of the contract of sale, confirmed by the referee, left the bankrupt at the mercy of the purchaser and did not adequately prevent an opportunity to maneuver, so that it might be foreclosed of any right to obtain royalties from oil, which were bringing in substantial returns. While there is no fraud shown on the part of the purchaser, this circumstance of lack of protection was of great importance.

Throughout the hearing, suggestions were made by the purchaser that in some indefinite time and way it would agree to stipulations which would cure this inadequacy of protection. But there was no definite proposal to this effect. It seems

purchaser, if in good faith, could have made such proposal upon the record and the court might then have held the proposal was adequate.

■ There are no formalistic rules in this matter which are to be enforced at all events. The matter is almost wholly in the discretion of the District Judge. Here a lengthy hearing was held and testimony taken by him. Appellant attributes cabalistic significance to the order of confirmation by the referee. But there are no terms in bankruptcy and the referee might have vacated this order at any time if convinced it was erroneous. But the petition for review was promptly filed. The statute[1] gives the privilege of petitioning for review of any order of the referee. If the contention of appellant were correct, the statute should have excepted orders confirming sales from review. But it was not the intention of the lawmakers that such orders should be chiseled on tablets of stone. The District Judge had the power to review the order. This jurisdiction permitted him to affirm the order or to set it aside, as the facts and legal principles might require.

■ Many opinions use language which indicates that a sale confirmed cannot be set aside for inadequate consideration alone.[2] But there are often other compelling reasons for the actual holding. For instance, the appeal of an unsuccessful bidder for relief from a confirmed sale to another is open to the obvious objection that such a bidder has no interest.[3] Furthermore, where the District Judge presides and himself approves and confirms a sale, there is good reason to say he should not be permitted to change his mind unless fraud is present.[4] But where review has been taken from the order of the referee, reversal thereof by the District Judge leaves the prospective purchaser in the same situation as if the referee had refused confirmation.[5] Where there are even slight circumstances which suggest that there is unfairness to the estate in bankruptcy, a careful consideration should be had on review and a confirmed sale should be set aside if necessary to rectify the situation. While, if referee and District Judge agree, an appellate court will rarely interfere,[6] the District Judge has the responsibility to see that a sale which leaves the estate unprotected should not be confirmed.[7]

There is a general policy which emphasizes the stability of judicial sales as of great importance in smooth and correct judicial administration. Balancing that, it is of overwhelming importance that the rights of creditors in a concern in bankruptcy should be protected and that a disposal of property on terms which violate the rule should not be permitted to stand.

■ In review of the situation, there seem to be a great many things which cannot be understood from the cold record. None of the parties involved seem quite to measure up to what might be expected. The numerous continuances and grants of time to the creditors throughout the bankruptcy proceeding throw suspicion upon motivation. On the other hand, a principle is often applied in judicial sales that a sale will not be set aside unless there is a bona fide offer of a substantially higher price. Although the District Judge extended time in the apparent hope that one would be so obtained, no such situation developed. Appellant assigns as error that the District Judge did not grant another such continuance. But it is apparent that the District Judge thought advantage was taken of his leniency. There were indications this was true.

Under the circumstances, the District Judge became suspicious, with apparent cause, of the whole situation. His avoidance of the sale was proper and is affirmed. However, we do not indicate thereby that

[1] 11 U.S.C.A. § 67, sub. c.

[2] Webster v. Barnes Banking Co., 10 Cir., 113 F.2d 1003, 1005.

[3] In re Realty Foundation, Inc., 2 Cir., 75 F.2d 286; In re Klein's Rapid Shoe Repair Co., Inc., 2 Cir., 54 F.2d 495.

[4] In re Burr Mfg. & Supply Co., 2 Cir., 217 F. 16; See also Sturgiss v. Corbin, 4 Cir., 141 F. 1; In re Stanley Engineering Corporation, 3 Cir., 164 F.2d 316.

[5] In re Wolke Lead Batteries Co., 6 Cir., 294 F. 509, 511.

[6] Prentice v. Boteler, 9 Cir., 141 F.2d. 175.

[7] Currin v. Nourse, 8 Cir., 66 F.2d 137; Id., 8 Cir., 74 F.2d 273.

the District Judge is to be hampered in the exercise of his discretion. The appellant has caused delay by this proceeding and the circumstances may have entirely changed.

The cause is remanded with full discretion of the District Court to hold appellant to its bid or to modify the order here affirmed or to take such other action in the premises as will protect all the interests involved upon appropriate notice.

There was no appeal from the provision of the order which vacated the direction of the referee to pay commission to a broker, Joseph Sattler  The position taken by the learned District Judge was unquestionably correct, but the matter is not before us for decision.

Order affirmed.