Irvin L. **MASON**, Appellant,

v.

John Grant **ASHBACK**, Bankrupt, William H. Prendergast, and Forest E. Clark, Jr., Attorneys for Bankrupt, and William L. Lloyd, Trustee in Bankruptcy, Appellees.

No. 9251.

United States Court of Appeals Tenth Circuit.

Oct. 11, 1967.

Irvin L. Mason, per se.

H. Myers Bumgardner, Pueblo, Colo., for appellee, William L. Lloyd.

William H. Prendergast, Denver, Colo. (Forest E. Clark, Jr., Denver, Colo., with him on brief), for appellee, John Grant Ashback.

Before JONES,* SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a petition for review of a proceeding in bankruptcy directing the sale of a tardily inventoried chose in action which was an asset of Ashback, the bankrupt appellee. Appellant Mason, the debtor of the chose in action, was charged with sequestering and converting property of the bankrupt some time prior to the filing of the bankruptcy petition.

Also joined are the attorneys for the bankrupt and the trustee.

The trustee petitioned for the sale of the asset and only the bankrupt and the debtor bid. The bankrupt's smaller bid was accepted and the sale ordered and confirmed.

The question presented challenges the procedure and submits the issue of whether or not the orders of sale and confirmation were improvidently entered.

The bankruptcy proceeding had been pending for a period of years before the chose in action was added to the inventory of assets. The bankrupt made application to the trustee for the release of the chose as a valueless asset. The trustee released the chose and the bankrupt immediately filed an action in state court on a claim against Mason. Mason sought to have the claim dismissed on the grounds that it had been identified as

* Of the Fifth Circuit sitting by designation.

valueless and, in the alternative, if it had value, the bankrupt estate, through the trustee, should be a party. The referee ordered the chose back into the estate and the trustee joined in the claim in the state court where it is now pending.

Mason wrote the trustee offering to buy the chose for $500.00. Thereafter, Ashback petitioned the court to sell the chose to him for $650.00. The trustee moved the court to consider the bankrupt's petition as an invitation to the parties to submit sealed bids. The motion was set for hearing.

At the hearing to sell the asset the bankrupt offered $650.00 and the appellant offered $1,000.00, conditioned upon the ability of the trustee to sell free and clear of all other rights. The bankruptcy court stated that it could not consider the bid with the condition attached; however, the matter was taken under advisement.

While the determination of acceptance of the bids was pending, Mason submitted by wire an unconditional bid of $1,000.00. Thereafter, the bankruptcy court accepted the bid of the bankrupt stating that it was the only bid that could be considered at the time the sealed bids were submitted and that appellant could not subsequently re-bid. The trustee was ordered to transfer the asset.

Appellant petitioned the District Court to set aside the sale. The court denied the petition and confirmed the sale. The proceedings are here for review pursuant to Bankruptcy Act, § 24(a), 11 U.S.C.A. § 47(a) (1953).

■ A bankruptcy court is a court of equity. May v. Fidelity and Deposit Company of Maryland, 292 F.2d 259, 261 (10th Cir. 1961); Allen v. Union Transfer Co., 152 F.2d 633, 635 (10th Cir. 1945).

"A court of equity may set aside an order of sale either before or after confirmation when it appears that the same was entered through mistake, inadvertence, or improvidence.

While a judicial sale will not be set aside on the ground of inadequacy of price alone, unless the inadequacy is so great as to shock the conscience of the chancellor, inadequacy of price, accompanied with other circumstances having a tendency to cause such inadequacy, or indicating any apparent unfairness or impropriety, will justify setting aside the sale. Such additional circumstances may be slight and insufficient in themselves to justify vacating the sale." Webster v. Barnes Banking Co., 113 F.2d 1003, 1005 (10th Cir. 1940), Allen v. Union Transfer Co., supra.

■ The record does not reflect that notice of the sale was given to creditors, nor is there a showing that an "appreciable reduction in the value of the property might occur, or substantial prejudice to the bankrupt estate might result, from delay for the period required for mailing out the usual * * * notice." 9 Am.Jur.2d Bankruptcy § 1210 (1963).

Here the bidders were the only persons, except the creditors, who could have been interested in the price paid for the chose in action. The bidders were each interested in receiving the chose for the lowest possible amount, whereas, the unrepresented creditors were interested in obtaining the greatest possible amount for their benefit at the time of distribution of assets. There were no creditors present at the time of bidding nor is there any indication they were given notice of the procedure. "The sale was wholly illusory. The action of the trustee in petitioning for leave to make the sale and the order of the referee directing the sale were clearly improvident and worked a legal fraud on the creditors." Webster v. Barnes Banking Co., supra, 113 F.2d at page 1006.

Reversed and remanded for further proceedings in accordance with the above opinion.