664 F.2d 1158
 5 Collier Bankr.Cas.2d 1166
 In the Matter of CADA INVESTMENTS, INC., a California
corporation, Debtor.
Frank TAYLOR, Appellant,
v.
John H. LAKE and John H. Lake, D.D.S., Inc. Pension Profit
Sharing Trust and Bonnie Dunes Ranch, Appellees.
 No. 79-3440.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1981.
Decided Dec. 28, 1981.
 
 Richard M. Moneymaker, Moneymaker & Morrison, Los Angeles, Cal., for appellant.
 Douglas W. Stern, Jesse Miller, Miller & Mandel, Los Angeles, Cal., for appellees.
 Appeal from the United States District Court for the Central District of California.
 Before HUG and NELSON, Circuit Judges, and EAST,* District Judge.
 NELSON, Circuit Judge:
 
 
 1
 In the bankruptcy proceedings below, the bankruptcy judge set aside the order confirming a property sale to the first buyer, Taylor, when he learned that a second buyer, Lake, had been unable to communicate a higher offer to the Receiver charged with selling the property. From the district court order affirming this action and allowing a subsequent sale to Lake, Taylor appeals. We affirm.FACTS[1]
 
 
 2
 These bankruptcy proceedings took place under former Chapter XI of the Bankruptcy Act.[2]
 
 
 3
 The sole asset of CADA Investments, Inc., the debtor, was a 60-acre parcel of land located in Indio, California. At the continued first meeting of the creditors on October 31, 1978, the bankruptcy judge appointed a Receiver for the bankrupt estate and ordered a sale of the property at public auction. On November 17, 1978, the public sale was duly noticed for Friday, December 1, 1978, in the courtroom of the bankruptcy judge.
 
 
 4
 The December 1 auction failed to produce a sale because no suitable bids were received. The court thereupon authorized the Receiver to conduct a private sale of the land.
 
 
 5
 Sometime shortly thereafter the first buyer, Taylor, submitted to the Receiver a bid in proper form for $300,000. On Thursday, December 7, 1978, Selzer, an attorney for Bonnie Dunes Ranch, the general creditor, contacted the Receiver and stated that he knew of a potential buyer (later revealed to be Lake) who would offer "more than $300,000." On Friday, December 8th, the Receiver executed an agreement to sell the property to Taylor for $300,000 subject to the confirmation of the bankruptcy judge. On Monday, December 11, Selzer, on behalf of Lake, attempted to communicate to the Receiver a bid of $350,000 which had materialized over the weekend. During that day Selzer apparently placed four telephone calls to the Receiver. Selzer never reached the Receiver, however, and messages left with the Receiver's answering service in connection with three of the calls went unanswered. On Tuesday, December 12, the Receiver applied for and received confirmation of the sale to Taylor from the bankruptcy judge. Selzer attempted unsuccessfully to reach the Receiver by telephone on both the 12 and the 13. The Receiver finally returned a call on the 14, at which time the Receiver first learned of Lake's offer and Selzer and Bonnie Dunes first learned that the property had been sold to Taylor.
 
 
 6
 On December 22, 1978, Bonnie Dunes filed with the bankruptcy court a motion to show cause why the confirmation of sale to Taylor should not be set aside. After a hearing on January 19, 1979, the court vacated the December 12 order confirming the sale to Taylor, and set a new sale date of February 21, 1979. Taylor appealed this action to the District Court in accordance with the applicable bankruptcy statute.[3] Meanwhile, at the new sale on February 21, the court accepted Lake's high bid of $350,000 and confirmed the sale to Lake. Taylor appealed this action to the District Court.
 
 
 7
 Both appeals were heard by the District Court on June 7, 1979. The court affirmed the bankruptcy judge's order setting aside the December 12 sale, but vacated the February 21 sale and ordered a new one. Taylor took an appeal from the District Court's order to this court. On remand, meanwhile, the bankruptcy court held the new sale on June 25, 1979, where once again Lake bid highest at $350,000. The court accepted this bid, and sale was again confirmed by the bankruptcy judge. The property was conveyed to Lake by Receiver's deed, dated September 12, 1979, at close of escrow on October 3, 1979.DISCUSSION
 
 I. MOOTNESS
 
 8
 Our threshold inquiry relates to possible mootness of this appeal. This possibility arises because the disputed property has been conveyed by the Receiver to Lake in a grant deed dated September 12, 1979. Taylor did not request a stay of the order of sale authorizing this conveyance, nor did he post a supersedeas bond.
 
 
 9
 Bankruptcy Rule 805, made applicable to this Chapter XI proceeding by Bankruptcy Rule 11-62, contains the following provision:
 
 
 10
 Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser ... knows of the pendency of the appeal.
 
 
 11
 Circuits that have considered the matter agree that when this provision applies-when, in the absence of a stay of the order of sale, a sale to a "good faith purchaser" has been concluded-an appellate court cannot undo the sale. Because the court cannot provide meaningful relief to the appellant under those circumstances, any appeal of the order of sale thereby becomes moot. See, e. g., In re Bleaufontaine, Inc., 634 F.2d 1383 (5th Cir. 1981); In re Rock Industries Machinery Corp., 572 F.2d 1195 (7th Cir. 1978); In re National Homeowners Sales Service Corp., 554 F.2d 636 (4th Cir. 1977); Country Fairways, Inc. v. Mottaz, 539 F.2d 637 (7th Cir. 1976); In re Abingdon Realty Corp., 530 F.2d 588 (4th Cir. 1976). We have stated that although the Bankruptcy Rules apply by terms only to appeals made to the district court from the bankruptcy court, "practical necessities" counsel that the philosophy of the rules should apply in similar fashion in this court. In re Combined Metals Reduction Co., 557 F.2d 179, 188-89 (9th Cir. 1977).
 
 
 12
 In the instant case, although the sale to Lake has apparently been completed, the terms of that sale appear to save Taylor's appeal from the operation of Rule 805. The deed to Lake states that it was "made pursuant to an Amended Modified Order of Sale and Order Confirming Sale of Real Property in the matter of the debtor's estate of CADA INVESTMENTS, INC., ... entered on September 12, 1979, and an Amended Order Reconfirming Sale of said property entered September 12, 1979, certified copies of which Orders are recorded contemporaneously herewith ...." The Amended Modified Order of Sale, in turn, includes a term stating that the "sale is made subject to current taxes, covenants, conditions, restrictions, reservations, easements and right(s) of way of record, if any, and the appeal of Frank Taylor of a previous Order of this Court setting aside the sale to Frank Taylor dated December 12, 1978 ...." (emphasis added). The Amended Order Reconfirming Sale decrees that the sale to Lake "pursuant to an Amended Modified Order of Sale and Order Confirming Sale of Real Property entered September 12, 1979, for the sum of $350,000.00 be, and the same is hereby reconfirmed, on the terms and conditions as set forth in said Modified Order, which said terms and conditions are incorporated herein by reference and made a part hereof as though fully set forth " (emphasis added). The interest Lake purchased, in other words, is by the terms of the agreement subject to the outcome of Taylor's appeal.
 
 
 13
 Because Lake's interest is expressly conditioned on the outcome of this appeal, a reversal or modification of the appealed order by this court would not "affect" the sale to Lake in the manner prohibited by Rule 805. His interest in the property would remain, as always, "subject to ... the appeal of Frank Taylor."
 
 
 14
 Rule 805 does not, in our view, operate to override express terms of this nature in the sale documents. We thus conclude that Rule 805 does not render Taylor's appeal moot.
 
 
 15
 We note further that here, in contrast to other cases in which we have addressed comparable mootness problems, all essential parties are before the court. In the more frequent case, the buyers as to whom Rule 805 might operate "are not parties to the appeal before the court, and the court therefore cannot give any relief that would affect them." In re Royal Properties, Inc., 621 F.2d 984, 986 (9th Cir. 1980). Because the court "cannot grant effective relief in their absence," the appeal is deemed moot. Id. at 987 (emphasis added). Accord, In re Combined Metals Reduction Co., 557 F.2d at 189.
 
 
 16
 In this case, however, all parties necessary for the granting of effective relief are before the court. Because we have before us all necessary parties, and because Rule 805 does not operate to render this appeal moot, we find that the appeal is not moot and we have jurisdiction to review the decision on appeal.
 
 II. THE MERITS
 
 17
 We turn to the heart of the dispute: whether sufficient grounds existed for the bankruptcy court's decision to set aside the December 12th confirmation of sale to Taylor at $300,000 to allow Lake to bid at $350,000 at a subsequent sale.
 
 
 18
 Neither Judge Naugle's order in the bankruptcy court, nor Judge Ferguson's order in the district court, gave any reason for the order to set aside confirmation of the sale to Taylor. As it argued before the bankruptcy and district courts, Bonnie Dunes argues on appeal that the confirmation was properly set aside because the Receiver failed to give notice of the sale to creditors-as allegedly required by Bankruptcy Rule 11-24(a) and by Local Bankruptcy Rule 223(k)-and because the Receiver failed to pursue the best possible bid on the property.
 
 
 19
 We have difficulty affirming the order setting aside confirmation on either of these grounds. It is unclear whether either Rule cited by appellees requires notice in these circumstances,[4] whether the Receiver failed to fulfill his duty, and whether setting aside the sale was a proper remedy for any failure.[5] We need not reach these issues, however, as we find that the particular equities of this case render the order to set aside a proper exercise of the bankruptcy judge's discretion.
 
 
 20
 The equitable power of bankruptcy courts to set aside orders is well established. This power was first expressed by the Supreme Court in Wayne United Gas Co. v. Owens-Illinois Gas Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557, 561 (1937): "(W)e think the court has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action." This power is now formalized in Bankruptcy Rule 924, which makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases.[6]
 
 
 21
 The bankruptcy court's power to set aside its orders, while broad, is not unlimited. The enunciation of the doctrine in Wayne United Gas made it clear that the power was limited to cases in which rights had not vested on faith of the order. Accordingly, courts have been reluctant to set aside confirmed sales. See, e. g., In re General Insecticide Co., 403 F.2d 629 (2d Cir. 1968); In re Webcor, Inc., 392 F.2d 893 (7th Cir.), cert. denied, 393 U.S. 837, 89 S.Ct. 113, 21 L.Ed.2d 107 (1968). The reluctance to set aside confirmed sales reflects a desire to promote the finality of judicial sales. As the Webcor court noted, "(i)f parties are to be encouraged to bid at judicial sales, there must be stability in such sales and a time must come when a fair bid is accepted and the proceedings are ended." 392 F.2d at 899.
 
 
 22
 The policy of finality is not, however, absolute: in limited circumstances the courts have set aside confirmed sales. Courts have generally appeared willing to set aside confirmed sales that were " 'tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction.' " In re General Insecticide Co., 403 F.2d at 631 (quoting 4A Collier on Bankruptcy, P 70.98(16) (14th ed. 1967)). This policy was reflected in Wolverton v. Shell Oil Co., 442 F.2d 666 (9th Cir. 1971), where this court affirmed an order to set aside a confirmed sale on the ground that there were special dangers of interested dealing.
 
 
 23
 Confirmed sales have also been set aside on direct review of confirmation in district courts. Thus, in Proctor & Gamble Manufacturing Co. v. Metcalf, 173 F.2d 207 (9th Cir. 1949), this court affirmed a district court order reversing a referee's confirmation; the district court set aside the sale only because information, discovered after confirmation, indicated that the price originally received was inadequate. Although the appeals court questioned the ability of the district court to set aside its own order of confirmation, it approved the district court's decision to reverse the referee's confirmation. Id. at 209.
 
 
 24
 In limited circumstances, confirmed sales (or orders involving other vested rights) have been properly set aside by the confirming court in the absence of the type of fraud or error referred to in General Insecticide. In In re Time Sales Finance Corp., 445 F.2d 385 (3d Cir. 1971), cert. denied sub nom. Gross v. Welsh, 405 U.S. 917, 92 S.Ct. 940, 30 L.Ed.2d 786 (1972), the Third Circuit upheld an order setting aside a sale because, through an "innocent mistake," the trustee's attorney failed to notify a bidder of the confirmation hearing. The court suggested that the "major question" in examining the propriety of orders to set aside is "one of common decency," and concluded that the referee acted "completely within his sound discretion" in "immediately ... call(ing) for a new hearing which gave everybody concerned equal opportunity to buy the particular property." 445 F.2d at 387. See also In re Lamont, 453 F.Supp. 608 (N.D.N.Y.1978), aff'd mem., 603 F.2d 213 (2d Cir. 1979); In re Lintz West Side Lumber, Inc., 655 F.2d 786 (7th Cir. 1981) (affirming order to set aside abandonment of estate property to secured creditors on basis of evidence, discovered after abandonment, that secured interests were improperly perfected).
 
 
 25
 These cases lead us to conclude that, although the policy of finality normally protects confirmed sales from orders to set aside, sales are properly set aside when compelling equities outweigh the interests in finality. A bankruptcy court's decision to set aside an order is normally upheld if the decision is not an abuse of discretion, In re Roach, 660 F.2d 1316 (9th Cir. 1981); Virgin Islands National Bank v. Tyson, 506 F.2d 802, 804 (3d Cir. 1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975): we must therefore determine whether the circumstances of this case present equities compelling enough to render the order to set aside a proper exercise of discretion.
 
 
 26
 We find substantial equities in this case to justify the order to set aside. The failure to achieve the highest price was the result of an innocent breakdown in communications. Taylor was apparently informed almost immediately after confirmation that the sale would be contested. See Reporter's Transcript of January 19, 1979, Hearing at 8. Furthermore, the motion was made within the time available for direct review, and there is little doubt the confirmation would have been overturned on review. Cf. Proctor & Gamble Manufacturing, Inc. v. Metcalf, 173 F.2d 207 (9th Cir. 1949) (reversal of confirmation because of changed circumstances making first price inadequate). Had there been a substantial delay between confirmation and any action to contest the sale, we might not approve the order to set aside. But, as a result of the prompt action, the loss Taylor suffered was no different than is normally expected in judicial sales: a higher bidder was awarded the property as the result of judicial supervision of the sale. We conclude that in such circumstances the order to set aside the sale was an appropriate exercise of the bankruptcy court's discretion. The order is accordingly
 
 AFFIRMED.[7]
 
 
 *
 The Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 No findings of fact were made below. We have assumed the correctness of the allegations made in pleadings and at hearings below for purposes of this appeal
 
 
 [2]
 Bankruptcy Act of July 1, 1898, c. 541, §§ 301-99, 30 Stat. 544 (formerly codified at 11 U.S.C. §§ 701-99), repealed, Act of Nov. 6, 1978, Pub.L. No. 95-598, § 401(a), 92 Stat. 2549. Section 403(a) of the latter Act provides: "A case commenced under the (former) Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act (Pub.L. 95-598) had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."
 We shall refer, as appropriate, to "former 11 U.S.C." provisions.
 
 
 [3]
 Former 11 U.S.C. § 67(c)
 
 
 [4]
 Specifically, notice was given for the original, public sale, and this notice may have been sufficient to satisfy the requirements of the rules
 
 
 [5]
 As we note below, sales are rarely set aside, even for lack of required notice, unless there is evidence of fraud
 
 
 [6]
 Rule 60(b) provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the final reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time ....
 Appellants have contested the procedure employed by Bonnie Dunes in seeking to have confirmation set aside, claiming that a complaint should have been filed and that findings of fact should have been entered pursuant to Bankruptcy Rule 752. Wayne United Gas and Rule 924 clearly contemplate reconsideration on motion of the aggrieved party. Rule 752 provides that "findings of fact ... are unnecessary on decisions of motions under these rules ...."
 
 
 [7]
 Bonnie Dunes asserts that Taylor's appeal is frivolous, under which circumstances this court may award just damages and single or double costs to appellees. We find no merit in this argument