In re: Roger N. FEARING; In re: Christine E. Fearing, Debtors,

Roger N. Fearing; Christine E. Fearing, Appellants,

v.

David Seror, Chapter 7 Trustee, Appellee.

Nos. 03–56549, 04–55298.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 18, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Roger N. Fearing, Woodland Hills, CA, pro se.

Christine E. Fearing, Woodland Hills, CA, pro se.

Peter A. Davidson, Jr., Esq., Rein, Evans & Sestanovich, LLP, Los Angeles, CA, for Appellee.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

The Fearings, Chapter 7 debtors, appeal the denial of their request for an emergency stay and the dismissal of their appeal of the bankruptcy court's order approving the sale of their residence as moot. Because the Fearings failed to obtain a stay pending appeal and because the district court did not clearly err in affirming the bankruptcy court's finding that the buyers of appellants' residence were "good faith purchasers" within the meaning of 11 U.S.C. § 363(m), we affirm the district court's dismissal of the Fearings' appeal as moot.

This court has fashioned a mootness rule with respect to the appeal of a sale of assets in bankruptcy. "[W]hen, in the absence of a stay of the order of sale, a sale to a 'good faith purchaser' has been concluded—an appellate court cannot undo the sale. Because the court cannot provide meaningful relief to the appellant under those circumstances, any appeal of the order of sale thereby becomes moot." *Dunlavey v. Ariz. Title Ins. & Trust Co. (In re Charlton )*, 708 F.2d 1449, 1454 (9th Cir.1983) (quoting *Taylor v. Lake (In re Cada Invs., Inc.)*, 664 F.2d 1158, 1160 (9th Cir.1981)); *see also* 11 U.S.C. § 363(m). There are two exceptions to this rule: "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." *Ewell v. Diebert (In re Ewell )*, 958 F.2d 276, 280 (9th Cir.1992) (citation omitted). We find

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the exceptions are not applicable in this case.

Though the Bankruptcy Code does not provide a definition of good faith, this court has defined a good faith purchaser as "one who buys 'in good faith' and 'for value.'" *Id.* at 281 (citing *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir.1986)). Lack of "good faith" is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.* (citing *Cmty. Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)). A buyer purchases an asset "for value" when "the purchaser pays 75% of the appraised value of the assets." *Id.* (citing *In re Abbotts*, 788 F.2d at 149).

The bankruptcy court did not clearly err when it found that the Chapter 7 trustee met its burden of establishing that the buyers were "good faith" purchasers of the Fearings' residence. The court heard unchallenged representations by counsel for the trustee and by the broker for the purchasers that: (1) the sale was an arms-length transaction; (2) the property had been listed in the multiple listing services; (3) there had been a number of showings; and (4) there was no relationship between the trustee and the buyers. The trustee also inquired at the hearing to approve the sale if there were any over-bidders. Appellants' residence was also clearly purchased "for value," given that the house sold for $775,000, only $25,000 less than the fair market value appraisal of the property stipulated to by the appellants at the time of sale. Because the buyers purchased the residence in good faith and for value, and because the relief appellants seek—unwinding of the sale and the bankruptcy estate's abandonment of the property—would serve to invalidate the sale, the mootness rule of § 363(m) applies. *See Southwest Prods., Inc. v. Durkin (In re Southwest Prods., Inc.)*, 144 B.R. 100, 105 (9th Cir.BAP1992).

We also affirm the district court's dismissal of the Fearings' abandonment motion as moot. Because we decline to invalidate the sale of the Fearings' residence, there is nothing left for the bankruptcy estate to abandon to the appellants. This motion is therefore also moot. Because the Fearings' consolidated appeals are moot, we do not reach the merits of appellants' contentions concerning the validity of the bankruptcy court's order approving the sale of the disputed property.

AFFIRMED.