**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN L. WISDOM | No. 13-35409 |
| Appellant, | D.C. No. 1:12-cv-00530-BLW |
| v. | MEMORANDUM[*] |
| JEREMY J. GUGINO | |
| Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Wynmill, Chief District Judge, Presiding

Argued and Submitted March 9, 2016
Portland, Oregon

Before: FISHER and WATFORD, Circuit Judges, and WALTER,[**] District Judge.

Allen Wisdom, a Chapter 7 bankruptcy debtor, appeals the district court's

judgment upholding the bankruptcy court's determination that trustee Jeremy

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Donald E. Walter, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

Gugino properly liquidated five of Wisdom's life insurance policies. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The bankruptcy court properly upheld Gugino's objection to the exemptions Wisdom sought to claim under Idaho Code § 11-605(10) ("subsection 10"). Gugino correctly objected that subsection 10 permitted Wisdom to exempt $5,000 of total value across *all* of his life insurance policies, rather than permitting him to exempt $5,000 of value from *each* policy. *See In re Oxford*, 274 B.R. 887, 891-93 (Bankr. D. Idaho 2002).

The bankruptcy court also properly rejected Wisdom's argument that his claim under subsection 10 prevented Gugino from liquidating his life insurance policies. Wisdom did not claim an exemption under Idaho Code § 11-605(9) ("subsection 9"), which would have exempted the policies themselves from inclusion in the bankruptcy estate. His Amended Schedule C instead claimed an exemption under subsection 10 alone, which protected only a portion of his interest in the policies. *See Schwab v. Reilly*, 560 U.S. 770, 781–82 (2010) (distinguishing between exempting a portion of the debtor's "interest" in an asset and exempting the asset itself).

The bankruptcy court also properly held that Gugino did not violate any fiduciary duty to Wisdom. A bankruptcy trustee is a representative and fiduciary

2

of the estate, *see* 11 U.S.C. § 323; *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008), charged primarily with conserving estate assets and maximizing distributions to creditors, *see In re Rigden*, 795 F.2d 727, 730 (9th Cir. 1986). When a debtor retains an interest in estate assets—either by properly claiming exemptions or because surplus property will remain in the estate after all creditors have been compensated—the trustee owes a fiduciary duty to the debtor as well. *See* U.S. Dep't of Justice, Executive Office for the United States Trustees, *Handbook for Chapter 7 Trustees* 4-2 (2012). Here, Gugino correctly objected to Wisdom's claimed exemptions to the extent they were improper, but did not object to Wisdom's exemption of $5,000 from Policy No. 344. After liquidating all the policies, Gugino promptly sent Wisdom a check for $5,000, which Wisdom cashed. To the extent Gugino owed a duty to preserve Wisdom's interest in the exempt value of his life insurance, Gugino fulfilled that duty by paying over the exempt liquidation proceeds.[1]

---

[1] Nor did Gugino violate his fiduciary duties when he applied the subsection 10 exemption solely to Policy No. 344. Gugino's objection made clear he was not objecting to Wisdom's $5,000 claim on Policy No. 344. Wisdom had an opportunity to challenge that allocation or to rearrange how he allocated the $5,000 value by either responding to Gugino's objection or filing another Amended Schedule C which claimed no more than $5,000 total across all his policies. Because he did neither, Gugino had no obligation to second-guess Wisdom's intent once the bankruptcy court sustained the objection.

We agree with Wisdom, however, that Gugino breached his procedural obligations under 11 U.S.C. § 363(b)(1) by liquidating Wisdom's insurance policies without providing separate notice and opportunity for a hearing. Independent of any fiduciary duties, § 363(b)(1) requires a trustee to provide notice and opportunity for a hearing before using, selling or leasing an estate asset outside the ordinary course of the debtor's business. In our view, the liquidation of Policy No. 344 for its cash surrender value qualified as the "use" or "sale" of an estate asset within the meaning of § 363. *See* 3 *Collier on Bankruptcy* ¶ 363.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015) ("Section 363(b) has been applied to other uses that one might not ordinarily posit as a question of use of property, but rather as entering into transactions out of the ordinary course of business."); *cf. In re Lavigne*, 114 F.3d 379, 384 (2d Cir. 1997) (holding the cancellation of a debtor-in-possession's malpractice insurance policy violated § 363 because the debtor-in-possession failed to comply with the notice requirements of that section).

Because Wisdom had actual notice of the impending liquidation of his policies, however, he was not prejudiced by Gugino's failure to satisfy § 363(b). Both parties agree bankruptcy sales may be set aside in appropriate circumstances, but on these facts, we decline to set aside the liquidation of the policies or award

4

Wisdom the monetary damages he seeks. *See In re CADA Investments, Inc.*, 664 F.2d 1158, 1161–63 (9th Cir. 1981) (describing the power to set aside transactions as a matter of equity within the discretion of the court). The record reveals that Wisdom received actual notice of the impending liquidation when New York Life sent him a letter several weeks before Policy No. 344 was liquidated. When Wisdom received that letter, his deadline for responding to Gugino's objection had not yet expired. Thus, Wisdom had the opportunity to prevent the liquidation, notwithstanding Gugino's failure to comply with § 363(b)(1).

In sum, Wisdom's claims against the trustee are without merit. We recognize, however, that Wisdom may have been ill served by his bankruptcy lawyers. (Our admonition does not extend to Wisdom's pro bono appellate counsel, whose advocacy in this case was excellent.) Wisdom's failure to respond to Gugino's objection appears to have been due to his bankruptcy lawyers' inaction. In addition, Wisdom's policies would have remained intact had his bankruptcy lawyers claimed an exemption under subsection 9 in lieu of or in addition to subsection 10. The efficacy of Wisdom's legal representation is not before us, however, as Wisdom's bankruptcy lawyers are not parties to this appeal and this is not a malpractice case.

**AFFIRMED.**

5