**In the Matter of Phillip D. MILLER,
Bankrupt.**

**No. B–66–3–D.**

United States District Court
E. D. Illinois.

Jan. 5, 1967.

See also D.C., 262 F.Supp. 298.

---

Walter R. Stewart, Champaign, Ill., for Bankrupt.

John T. Allen, Danville, Ill., for petitioning creditors.

## OPINION

WISE, District Judge.

This matter is before the Court on a petition for review of an order entered by William P. Carter, Referee in Bankruptcy, on March 11, 1966 in which the bankrupt's petition to set aside the adjudication of bankruptcy was stricken by the Referee.

The record discloses that an involuntary bankruptcy proceeding was instituted by a creditors' petition filed on January 4, 1966. At the hearing before this Court on the petition for review, counsel for the bankrupt stated that the bankrupt had resided in Champaign County, Illinois (which is in the Eastern District of Illinois) for several years prior to December 10, 1965, but that he left the State of Illinois on December 10, 1965. The Marshal was unable to locate the bankrupt in Champaign County to make service and an order was therefore entered for service by publication. Publication was duly made in a Champaign County newspaper. No entry of appearance or pleading was filed by the bankrupt within the time permitted and on January 21, 1966 an adjudication of bankruptcy was entered.

On February 11, 1966 an entry of appearance was filed for the bankrupt by Walter R. Stewart, his attorney, and on February 15, 1966 said attorney filed a "Petition To Set Aside Adjudication." This Petition was neither signed nor verified by the bankrupt but was signed and verified by his attorney, Walter R. Stewart. In substance, the Petition To Set Aside Adjudication alleged that the bankrupt was in the Republic of Brazil from prior to January 4, 1966 to well after January 14, 1966; that the notice by publication was inadequate because the bankrupt was not then a resident of Champaign County, Illinois; that the bankrupt had a meritorious defense to the involuntary creditors' petition (although the defense was not stated); and that due to the distance involved, it had not been possible to prepare his defense. The prayer of the Petition was that the bankrupt be relieved of the order of adjudication of bankruptcy pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure. The attorney for the creditors that had instituted the involuntary bankruptcy proceeding then filed a motion to strike the bankrupt's petition to vacate the adjudication.

The Referee in Bankruptcy served upon the interested parties a notice of hearing on the bankrupt's petition to set aside the adjudication and the creditors' motion to strike said petition. At said hearing the bankrupt apparently offered no evidence in support of his petition to vacate the adjudication (the record contains no transcript of any testimony or summary of any testimony submitted at said hearing, and the order entered after said hearing does not recite that any evidence was offered or received), and hence the "meritorious defense" alleged in the petition to vacate the adjudication

was apparently not disclosed at that time.

The Referee entered an order on March 11, 1966 striking the bankrupt's petition to set aside the adjudication and it is this order that is now before the Court on a petition for review filed by the bankrupt.

In his certificate on petition for review the Referee in Bankruptcy stated that the question presented by the petition for review is as follows:

Where service was obtained by publication as prescribed in Section 18a of the Bankruptcy Act, and an adjudication was entered after the alleged bankrupt failed to plead within the time permitted, was it an abuse of discretion for the Referee to deny bankrupt's petition to set aside the adjudication (filed 26 days after adjudication) because of his alleged "inadequate notice" and lack of opportunity to assert an unstated "meritorious defense" to the involuntary petition?

At the hearing before this Court on the petition for review counsel for the bankrupt conceded the Court's jurisdiction of the bankrupt by virtue of his residence in Champaign County, Illinois, until at least December 10, 1965 and service upon him by publication. However, it is the contention of the bankrupt that Rule 60(b) of the Federal Rules of Civil Procedure gives the bankrupt an absolute right to have the adjudication of bankruptcy vacated and hence the Referee had no discretion in this matter.

The Federal Rules of Civil Procedure are applicable to bankruptcy proceedings insofar as they are not inconsistent with the provisions of the Bankruptcy Act. Rule 60(b) provides in substance that on motion and on such terms as are just, the Court may relieve a party from a final judgment or order for such reasons as mistake, excusable neglect, newly discovered evidence, fraud, etc., *or any other reason justifying relief from the operation of the judgment.* After providing that the filing of such a motion does not affect the finality of a judgment or suspend its operation, the rule goes on to provide as follows:

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, *or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655,* or to set aside a judgment for fraud upon the court." (Emphasis supplied)

*Section 1655 of Title 28* purports to apply to proceedings affecting liens against real or personal property situated within the district, and provides for the entry of an order directing absent defendants to appear and plead. Such order is to be personally served on the defendant, wherever found. If personal service cannot be made, then service may be made by publication. The statute then provides that *any defendant not personally served may, at any time within one year after final judgment, enter his appearance, and thereupon the Court shall set aside the judgment and permit such defendant to plead* on payment of such costs as the Court deems just.

It has been held repeatedly that a motion under Rule 60(b) to vacate a judgment or order is addressed to the Court's sound discretion, and its determination will not be disturbed on appeal except for an abuse of discretion. Lane v. Swingspout Measure Co. (CA-7), 1964, 340 F.2d 40.

If the Referee was permitted any discretion in this case, then his decision was proper because the bankrupt did not set forth any defense in his petition to set aside the adjudication. Ordinarily, some showing of a meritorious defense should be shown to justify granting relief under Rule 60(b). The bankrupt contends, however, that the reference in Rule 60(b) to Section 1655 of Title 28 makes that Section applicable to the case at hand and thereby gives him an absolute right for a period of one year to have the adjudication of bankruptcy set aside because he was served by publica-

tion. If Section 1655 is applicable, then the bankrupt would, as contended, appear to have an absolute right to have the adjudication of bankruptcy set aside.

The case In re Mistrot (D.C.S.D.Tex. 1956), 147 F.Supp. 423, involved the question of whether Section 1655 was applicable to a bankruptcy proceeding. There, the bankrupt was served by publication and adjudged a bankrupt by default, as in the case at hand. Thereafter (55 days later), he moved to set aside the adjudication and the Court held he was entitled under Section 1655 to have the adjudication set aside any time within one year. This decision was affirmed in Hollywood Youths, Inc. v. Mistrot (CA–5), 246 F.2d 1957 399. There appears to be no other decisions involving the applicability of Section 1655 of Title 28 to bankruptcy cases in which the bankrupt was served by publication.

The *Mistrot* case differs from the case at hand only in that Mistrot was apparently within the district and could have been personally served had an effort been made to do so. Although this fact might very well have justified setting aside the adjudication under Rule 60(b) (6), the fact remains that the Court felt that Section 1655 should apply to default bankruptcy cases involving service by publication. Due to the urgency inherent in bankruptcy proceedings generally, this Court cannot avoid expressing its doubt as to whether it was ever intended that a bankrupt served by publication under Section 18 of the Bankruptcy Act would have an absolute right for a period of one year to have his adjudication of bankruptcy set aside. Nevertheless, the only circuit passing on the question has so held, and it does not appear that there are any decisions to the contrary. Under the circumstances, the decision in the Mistrot case will be followed by this Court, and the Referee's order will be reversed.

This opinion shall serve as the Court's findings of fact and conclusions of law, and an order will be entered in accordance therewith.

See also D.C., 262 F.Supp. 295.