**VIRGIN ISLANDS NATIONAL BANK, Appellee**

v.

**BETTY JEAN TYSON and KENNETH B. TYSON; Betty Jean Tyson, Appellant**

No. 74-1824

United States Court of Appeals

Third Circuit

Argued December 6, 1974

Filed December 30, 1974

---

Robert F. Steeves, Esq., Washington, D.C., *for appellant*

Thomas W. Finucan, Esq. (Bornn, McLaughlin & Finucan), St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, VAN DUSEN and ROSENN, *Circuit Judges*

## OPINION OF THE COURT

ROSENN, *Circuit Judge*

The sole question presented in this appeal is whether the district court abused its discretion in refusing to relieve appellant from an order confirming the judicial sale of her real estate.

On July 13, 1972, the Virgin Islands National Bank (Bank) obtained summary judgment in an action to foreclose on a mortgage note for $165,000 executed by appellant Betty Jean Tyson. A writ of execution issued pursuant to which the United States Marshal conducted a judicial sale of Mrs. Tyson's real estate on April 18, 1973. The Marshal made return of the writ on June 18, 1973.

The Bank filed a motion to confirm the sale on June 28, 1973. On July 10, the Bank served notice on Tyson that the motion would be heard on July 16. Meanwhile, the judgment debtor not having filed any objections to the sale, the district court granted the Bank's motion on July 5 without a hearing.

Mrs. Tyson filed a Motion for Order to Reopen Case and Amend Judgment on January 8, 1974, which the district court denied[1] on February 12. Mrs. Tyson filed another motion, styled a Motion for Order to Set Aside Judicial Sale, on February 14. This second motion was denied on March 4 after a hearing. On April 2 Mrs. Tyson filed a notice of appeal from the order of March 4.

Mrs. Tyson characterizes her second motion as one for relief from the confirmation order pursuant to rule 60(b) of the Federal Rules of Civil Procedure. We shall so treat it, although the motion nowhere states the basis upon which

---

[1] In the order of dismissal, the district court stated:

Under the provisions of Rule 6 of the District Court of the Virgin Islands . . . oral hearing on a motion is not required and the Court in its discretion, the moving papers being in order, is fully authorized to act on the motion as it, in this case did.

relief is sought. See United States v. Backofen, 176 F.2d 263, 266 (3d Cir. 1949).

 A party moving under rule 60(b) for relief from a judgment, order, or proceeding must clearly establish the grounds therefor to the satisfaction of the district court. Federal Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116–17 (3d Cir. 1956). The district court's ruling on the motion is reviewable in this court only for abuse of discretion. Estate of Murdoch v. Pennsylvania, 432 F.2d 867, 870 (3d Cir. 1970); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951). We find no abuse of discretion and therefore affirm.

The Legislature of the Virgin Islands has specified the procedure to be followed in confirming the judicial sale of real property. 5 V.I.C. § 489. Section 489 provides in part:

(1) The plaintiff in the writ of execution shall be entitled, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or his representative in case of his death, files with the clerk his objections thereto within five days after the return thereof.

(2) If such objections are filed, the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court shall disallow the motion and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received on that date.

 Mrs. Tyson's contention that she was entitled to a hearing before the confirmation order was issued may not be presented in a rule 60(b) motion. Under section 489(1), she had until five days after return of the writ—in this instance, 66 days after the judicial sale—to file objections based on substantial irregularities in the conduct of the sale. Upon her failure to file or move for enlargement of the time for filing objections, the district court had the

power to enter an order confirming the sale without a hearing.[2] Thus, the only question presented by Mrs. Tyson's rule 60(b) motion is whether, despite her failure to object within the time limits specified by statute, she should be relieved from the confirmation order.

Mrs. Tyson advances several grounds[3] upon which she contends that relief from the confirmation order should have been granted by the district court:

(1) The notice of the judicial sale contained an inadequate description of the real estate to be sold.

(2) The seven contiguous parcels of real estate should have been offered, not only as a whole, but separately as well.

(3) The sole bid, made by the Bank, was grossly inadequate.

(4) The Bank learned before the sale that at least one other person might bid if the sale were postponed, but may have failed to communicate this information to the Marshal; if the information was communicated to the Marshal, his failure to postpone the sale in order to increase the number of bidders vitiated its validity.

Mrs. Tyson has offered no evidence which would justify her failure to object on the first three grounds within the time specified by statute. 5 V.I.C. § 489(1); see Fed. R. Civ. P. 60(b)(1), (2). Clearly she knew or should have known the manner in which her real estate was advertised, offered, and sold by the time the period for filing objections expired. Judicial sales must have finality and judgment

---

[2] We need not decide whether a district court, in appropriate circumstances, may consider objections which are filed out of time. See Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 275, 278 (D.V.I. 1969).

[3] In addition to the four grounds enumerated, Mrs. Tyson contends that the confirmation order should have been vacated since the Bank would not permit redemption of her real estate three days after the six-month redemption period expired. Tyson apparently contends that, since the last day for redemption fell on a holiday, she was entitled to redeem on the next business day. Mrs. Tyson did appear at the Bank, which was the wrong place for redemption, on the next business day, but failed to make tender of the money for redemption. The district court did not abuse its discretion in rejecting this ground for relief.

Even were we to assume that Mrs. Tyson was wrongly denied her right to redeem, we doubt that she would be entitled to an order setting aside the judicial sale, although she might be entitled to an order extending the redemption period.

debtors may not assert untimely challenges on the basis of irregularities which were readily ascertainable before the close of the statutory period for filing objections.

With respect to her fourth ground for relief, Tyson may not have learned until after the period for filing objections that the Bank had knowledge of others who might have bid if the sale had been postponed. However, she has not proven that the Bank failed to communicate its knowledge to the Marshal. Moreover, assuming that the information concerning potential bidders was communicated to the Marshal, the judgment debtor here has not shown that the Marshal abused the discretion vested in him to postpone the sale. See 5 V.I.C. § 486. Thus, Mrs. Tyson has not demonstrated that she has a meritorious defense to confirmation of the sale and is not entitled to her fourth ground to the extraordinary relief provided by rule 60(b). See In re Miller, 262 F.Supp. 295, 297 (E.D. Ill. 1967).

In addition to the grounds enumerated individually above, Mrs. Tyson contends that, taken together, they entitle her to relief under reason (6) of rule 60(b).

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \*

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). As indicated above, we are not persuaded by the individual grounds for relief raised by Mrs. Tyson. We do not believe that, considered collectively, they assume greater weight.

The order of the district court will be affirmed.