In re Ray Philip KLEIN, Anthony Plumbing of D.C., Inc., Irving H. Klein, Anthony Plumbing of Md., Inc., Debtors.

In re ANTHONY PLUMBING OF MD., INC., Debtor.

Stephen H. SACHS and the Maryland State Board of Practical Plumbing, Plaintiffs,

v.

ANTHONY PLUMBING OF MD., INC., Defendant.

In re Ray Philip KLEIN, Debtor.

Stephen H. SACHS and the Maryland State Board of Practical Plumbing, Plaintiffs,

v.

Ray Philip KLEIN, Defendant.

In re Irving H. KLEIN, Debtor.

Stephen H. SACHS and the Maryland State Board of Practical Plumbing, Plaintiffs,

v.

Irving H. KLEIN, Defendant.

In re ANTHONY PLUMBING OF D.C., INC., Debtor.

Stephen H. SACHS and the Maryland State Board of Practical Plumbing, Plaintiffs,

v.

ANTHONY PLUMBING OF D.C., INC., Defendant.

Bankruptcy Nos. 82–01556G to 82–01559G.

Adv. Nos. 82–2158G to 82–2161G.

United States Bankruptcy Court, E.D. Pennsylvania.

June 8, 1984.

Andrew F. Litvin, Deputy Atty. Gen., State of Pa., Philadelphia, Pa., William Leibovici, Asst. Atty. Gen., State of Md., Thomas M. Meachum, Michael H. Bereston, Asst. Attys. Gen., Baltimore, Md., for plaintiffs, Stephen H. Sachs, Attorney General of Maryland and The Maryland State Board of Practical Plumbing.

Erwin L. Pincus, Joseph S.U. Bodoff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for defendants/debtors, Anthony Plumbing of Md., Inc., Ray Philip Klein, Irving H. Klein, Anthony Plumbing of D.C., Inc.

James J. O'Connell, Philadelphia, Pa., Trustee, Estates of Ray Philip Klein and Irving H. Klein.

Michael A. Cibik, Philadelphia, Pa., Trustee, Estate of Anthony Plumbing of D.C. Inc. and Anthony Plumbing of Md., Inc.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The threshold issue presented in the motions for summary judgments filed by the Attorney General of the State of Maryland ("the Attorney General") is whether he has standing to litigate the dischargeability of certain debts owed to residents of that state. We hold that the Attorney General has standing to bring such an action under the facts of these cases.

In light of the standard for granting summary judgment, we outline the facts of these cases as follows:[1] Prior to the commencement of the actions at bench the Attorney General and the Maryland State Board of Commissioners of Practical Plumbing[2] instituted suit in state court against Anthony Plumbing of Maryland, Inc., Anthony Plumbing of D.C., Inc., Ray Philip Klein and Irving H. Klein (known, collectively, as "the debtors") for alleged violations of state law in conducting their heating and plumbing businesses. After an exhaustive trial, the state court entered a detailed seven page judgment which stated, *inter alia*, the court's conclusions that "the evidence is clear and convincing (although only a preponderance is required)

that the [debtors] did conspire with others to devise and promote unlawful, fraudulent, unfair and deceptive trade practices, and took affirmative steps to implement their conspiracy, and did engage in all of the unfair and deceptive trade practices" enjoined by that judgment. The state court ordered the debtors to pay fines, to reimburse the state for the costs of prosecuting the action and to reimburse certain customers of the debtors who suffered actual pecuniary losses due to the debtors' illegitimate practices. The debtors then filed petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code") in this court and shortly thereafter the Attorney General commenced the actions before us seeking exceptions to the discharges of the various components of the awards made by the Maryland state court. In the action at bench the Attorney General has moved for summary judgments on the basis of collateral estoppel. Since the commencement of the adversary proceedings, the corporate debtors have converted their respective proceedings to chapter 7 while the individual debtors have converted their cases to chapter 13. Although these conversions may render moot the dischargeability questions at bench unless the individual debtors reconvert their cases to chapter 7, the parties have not briefed the issue and we will resolve the motions for summary judgment notwithstanding such issue.

Section 523(a)[3] of the Code provides that an individual debtor is discharged from all

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v.*

*Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), cert. den., 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

2. We will refer collectively to the Attorney General and the Maryland State Board of Commissioners of Practical Plumbing as the "Attorney General."

3. In relevant part § 523(a) states as follows:
   § 523. Exceptions to discharge

debts except those enumerated in that subsection. Under § 523(c) "[e]xcept as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed", the court determines that an exception to discharge should be entered.

▪ In opposing the motion for summary judgment the debtors raise several issues, the first of which, as noted above, is that since the Attorney General is not a creditor, he is not the proper party to seek the dischargeability of debts which are not owed to him but rather to residents of the state and surrounding areas. Apparently the debtors do not challenge the Attorney General's standing to assert the nondischargeability of the award of fines and reimbursement of costs. In a virtually identical case, the bankruptcy court for the District of Maryland held that the State of Maryland, through the Consumer Protection Division of the Office of the Attorney General, was the proper party to commence an action for an exception to discharge on behalf of residents of the state who had been awarded restitution under the Maryland Consumer Protection Act. *State of Maryland Consumer Protection Division v. Plotkin* (*In Re Plotkin*), Bky. No. 81–2–2114, Adv. No. 82–0613G, slip op. (Bkrtcy. D.Md. Oct. 26, 1982). In *Kansas, ex rel. Miller v. Bradbury (In Re Bradbury)*, 4 B.C.D. 263 (Bkrtcy.D.Kan.1978), the State of Kansas commenced a class action

against the debtor on behalf of numerous creditors in the state. The court held that the state was a proper party to bring the dischargeability suit. In a closely related situation, the United States Court of Appeals for the Third Circuit recently held that an unincorporated association consisting of airline pilots employed by a chapter 11 debtor was a creditor within the meaning of the Code and thus was entitled to membership on the creditors' committee notwithstanding the fact that the association was not one of the debtor's obligees but was merely acting on behalf of the pilots in the association who were owed debts. *In Re Altair Airlines, Inc. (Appeal of Air Line Pilots Assoc., Int.)*, 727 F.2d 88 (3d Cir.1984). In the case at bench the Attorney General has been vested by state law with the power to secure restitution under the Maryland Consumer Protection Act on behalf of aggrieved parties and in so doing he functions in an analogous capacity to the unincorporated association in *Altair*. Thus, we find that the Attorney General has standing to prosecute the dischargeability complaint.

▪ The second issue raised by the debtors is that summary judgments on the claims for reimbursement of costs are inappropriate since such claims are dischargeable. Although the claim for reimbursement of costs expended to secure a fine or penalty is not literally within the language of § 523(a)(7), it is so closely related that it lies within the sphere of that subsection and thus is nondischargeable. This is anal-

---

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

  (1) for a tax or a customs duty—

  (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(6) of this title, whether or not a claim for such tax was filed or allowed;

  (B) with respect to which a return, if required—

    (i) was not filed; or

    (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

  (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

\* \* \* \* \* \*

  (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

  (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

  (A) relating to a tax of a kind not specified in (1) of this subsection; or

  (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

\* \* \* \* \* \*

ogous to the line of cases holding that attorneys' fees awarded to a spouse may be so closely akin to debts which are nondischargeable under § 523(a)(5) that the fees are likewise nondischargeable. *In Re Spong,* 661 F.2d 6 (2d Cir.1981); *In Re Gwinn,* 20 B.R. 233 (Bkrtcy.App.Nev. 9th Cir.1982); *In Re Glover,* 16 B.R. 213 (Bkrtcy.M.D.Fla.1981); *In Re Knight,* 29 B.R. 748 (D.C.W.D.N.C.1983); *Mattern v. Seale (In Re Mattern),* 33 B.R. 566 (Bkrtcy.S.D.Ala.1983).

 The third issue is whether collateral estoppel bars the debtors from relitigating in this court on the dischargeability complaint the state court's conclusion that the debts were procured by fraud. In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court stated that, on the entry in state court of a default judgment on a debt, *res judicata* would not bar the debtor from presenting evidence in bankruptcy court that the debt was dischargeable. The Court ruled as follows on the related question before us:

> "This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [the precursor of § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." (cites omitted.)

442 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10. The elements of collateral estoppel have been summarized as follows:

> Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) [it] must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must

have been essential to the prior judgment.

*In Re McMillan,* 579 F.2d 289, 291–92 (3d Cir.1978). As we quoted above, the state court based its judgment on the "clear and convincing evidence" standard although apparently the decision in that case only required the "preponderence of evidence" standard. The debtors also assert that although the court made a finding of fraud, such a finding was not essential to the judgment. Since the finding of fraud and the use of the "clear and convincing" standard of evidence were not necessary to the state court's determination, collateral estoppel cannot be applied since that determination was not essential to the state court judgment. We will list the matter for trial and allow the submission to the court of all exhibits and testimony that were admitted by the state court. The parties may then submit any additional admissable evidence. We will enter an order accordingly.