In re Ray Philip KLEIN, Debtor.

In re Irving H. KLEIN, Debtor.

**Bankruptcy Nos. 82–01556G, 82–01558G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

March 14, 1986.

---

■■■

Joseph S. U. Bodoff, Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtors, Ray Philip Klein and Irving H. Klein.

J. Dennis Faucher, John W. Fowler, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., for Attorney General of the State of Maryland.

G. William Scott, Sp. Asst. Atty. Gen., Consumer Protection Division, Baltimore, Md.

James J. O'Connell, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue concerning us is whether we should grant two motions under Bankruptcy Rule 9024 which seek the vacation of two orders which were entered more than ten days prior to the filing of the motions. On the basis of the thoughts expressed herein, we will deny the motions.

We set forth the facts in the case before us as follows:[1] The debtors were plumbers who were engaged in a lucrative business plying their craft. In their quest for profits the debtors allegedly wrenched one too many customers. The Attorney General of Maryland ("the Attorney General"), flushed with indignation, filed suit against the debtors on behalf of aggrieved consumers. Through the suit, civil penalties and costs were levied against the debtors in the amount of $405,044.59.

The debtors then filed their petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). In due course the Attorney General lodged a complaint for an exception to discharge in each case and then unsuccessfully moved for summary judgment on the complaints. *In Re Klein*, 39 B.R. 927 (Bankr.E.D.Pa.1984). Mindful that the debts at issue were not dischargeable as to individual debtors in a chapter 11 case, although they are dischargeable in a chapter 13 proceeding, the debtors converted their cases to chapter 13.

After conversion, notice was sent to creditors on July 8, 1985, informing them that the confirmation dates were set for October 15 and that objections to confirmation be filed no later than ten days prior to the confirmation date. In each case the Attorney General moved on October 10 to "vacate the debtor[s'] chapter 13 confirmation hearing and the time for objecting to debtor[s'] plan[s]." The debtors expressly stated that they "did not oppose or consent" to the entry of an order on the requested motion. Accordingly, we entered the order on October 11, continued the confirmation hearing until November 12 and extended the time for filing objections to confirmation by the Attorney General until November 12. On November 4 the Attorney General filed his objections, alleging that each of the debtors owed more than $100,000.00 in unsecured, prepetition indebtedness. The following day the debtors filed "a motion to strike the motion of the [Attorney General]."

The debtors contend that since the Attorney General did not move for an extension of time to object to the plan prior to the expiration of the alloted time, he must prove excusable neglect within the meaning of Bankruptcy Rule 9006.[2] The Attor-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2.    (b) Enlargement.
   (1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*
   (2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 1019(2),

ney General, on the other hand, asserts that our approval of its timely motion for a continuation of the confirmation hearing necessarily extended the time for filing objections to confirmation until ten days before the newly scheduled confirmation date. He also posits that the debtors waived their objections to the alleged untimeliness of the motion for an extension of time to file objections to confirmation and that the debtors had failed to request timely reconsideration of our order extending the time period in question.

■ As we stated above, the debtors moved on November 5 to strike the Attor-

ney General's motion of October 10 on which latter motion we granted the requested relief by the order of October 11. The remedy sought by the debtors is, in essence, a request for reconsideration of this order of October 11. Under Bankruptcy Rule 9023,[3] which incorporates Fed.R.Civ.P. 59,[4] a request for that relief must be filed within 10 days after entry of the order. The debtors have clearly failed to act timely. Due to the passage of time, the order under scrutiny in both cases is final and unappealable.

Under Bankruptcy Rule 9024,[5] which largely incorporates Fed.R.Civ.P. 60,[6] the

> 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.
> (3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.
>
> Bankruptcy Rule 9006(b) (emphasis added).

**3.**                     Rule 9023

NEW TRIALS; AMENDMENTS OF JUDGMENTS
Rule 59 F.R.Civ.P. applies in cases under the Code, except ask provided in Rule 3008. Bankruptcy Rule 9023. .

**4.**     (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
Fed.R.Civ.P. 59(e).

**5.**                     Rule 9024

RELIEF FROM JUDGMENT OR ORDER
Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144 or § 1330.
Bankruptcy Rule 9024.

**6.**          .          Rule 60

RELIEF FROM JUDGMENT OR ORDER
(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of

any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion

bankruptcy court may, *in its discretion* modify final orders under certain circumstances. *Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. 131, 137–38, 57 S.Ct. 382, 385–86, 81 L.Ed. 557 (1937); *Pfister v. Northern Illinois Finance Corp.*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); and *In Re Texlon Corp.*, 596 F.2d 1092, 1100–02 (2d Cir.1979).

■ Appellate review of an order denying relief under Bankruptcy Rule 9024 is limited to whether the trial court abused its discretion in not granting or denying the motion to modify the underlying judgment. *Virgin Islands National Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir.1974), *cert. den.*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *In Re Roach*, 660 F.2d 1316 (9th Cir.1981); *Taylor v. Lake* (In re Cada Inv., Inc.), 664 F.2d 1158 (9th Cir.1981). It does not subject such underlying judgment to any direct review.

■ Under Rule 9024 we see no compelling justification to upset the extant order. Quite to the contrary, our sympathy lies with hearing the merits of the Attorney General's objections on whether the debtors are entitled to *any* relief under chapter 13. This construction of the rule comports with the policy of the United States Court of Appeals for the Third Circuit "that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984).

We will accordingly enter an order denying the debtors' motions to strike the Attorney General's motions for an enlargement of time.

as prescribed in these rules or by an independent action.

Fed.R.Civ.P. 60.