NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2075
_____

In Re:  JEFFREY J. PROSSER,
                                        Debtor

In Re: Innovative Communication Corporation,
                                        Debtor


JAMES P. CARROLL, Chapter 7 Trustee of the
Estate of Jeffrey J. Prosser and Liquidating Trustee
Under the Reorganization Plan of Innovative
Communications Corporation

v.

JEFFREY J. PROSSER; DAWN PROSSER;
JUSTIN PROSSER; MICHAEL PROSSER;
SYBIL G. PROSSER; MICHELLE LABENNETT;
LYNDON A. PROSSER

Jeffrey J. Prosser and Dawn Prosser,
                                        Appellants


On Appeal from the District Court
of the Virgin Islands – Appellate Division
(District Court No.:  3-11-cv-00113)
District Judge:  Honorable Curtis V. Gómez


Submitted under Third Circuit LAR 34.1(a)
on May 15, 2014

Before:  RENDELL, FUENTES and GREENAWAY, JR., *Circuit Judges.*

(Opinion filed: July 17, 2014)

———————

OPINION

———————

GREENAWAY, JR., *Circuit Judge*.

Dawn Prosser and Jeffrey J. Prosser ("Appellants") appeal from the judgment of the District Court of the Virgin Islands Appellate Division ("District Court") relating to a Turnover Action.  For the reasons discussed below, we will affirm the District Court's order.

**I. Facts**

Since we write principally for the benefit of the parties, we recount only the essential facts and procedural history.

After being appointed as the Chapter 7 Trustee, James Carroll ("Trustee") initiated the Turnover Action against Jeffrey Prosser, Dawn Prosser, and Jeffrey Prosser's four adult children in an effort to recover estate property.  Jeffrey Prosser was the owner and sole member of Innovative Communications Company, LLC, which, in turn, owned Innovative Communications Corporation, a company which provided telephone, internet, and cable service to the United States Virgin Islands and other Caribbean islands.

The Turnover Action was tried in the District Court of the Virgin Islands Bankruptcy Division ("Bankruptcy Court"). The Court ordered turnover of various assets to the Trustee, including a wine collection, cigars, real property, art, antiques, and furnishings. After entry of an adverse judgment on the merits by the Bankruptcy Court, that was not timely appealed, Appellants filed a motion under Federal Rule of Civil Procedure 60(b) for relief, which the Bankruptcy Court denied. The District Court entered an order affirming this ruling of the Bankruptcy Court. This timely appeal followed.

## II. Jurisdiction

The District Court exercised jurisdiction over the appeal of the Bankruptcy Court's order under 28 U.S.C. § 158(a). This Court has jurisdiction under 28 U.S.C. § 158(d)(1).

## III. Analysis

Appellants seek to have us reverse the District Court on grounds that the judgment of the Bankruptcy Court is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure contending that the Bankruptcy Court lacked jurisdiction. The District Court's ruling on the motion is reviewable by this Court only for abuse of discretion. *Virgin Islands Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974).

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a

3

fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.*; *see also Boughner v. Sec'y of Health, Educ. & Welfare, U.S.*, 572 F.2d 976, 977 (3d Cir. 1978) ("This Court has also cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances."). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

We have indicated that a judgment will be rendered void for lack of subject matter jurisdiction only where there is a "total want of jurisdiction" or "in the rare instance of a clear usurpation of power." *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 n.19 (3d Cir. 1978) (internal quotation marks and citation omitted); *see also Espinosa*, 559 U.S. at 271 (noting that courts generally find a "judgment is void because of a jurisdictional defect . . . only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction" (internal quotation marks omitted)).

Here, Appellants have failed to identify any alleged jurisdictional error sufficiently egregious so as to render the judgment void. It is undisputed that the Bankruptcy Court specifically addressed its subject matter jurisdiction in a Memorandum Opinion. (*See* App. 85-88; *see also* App. 85 ("Dawn Prosser contends that this court lacks subject matter jurisdiction on the basis that ownership is directly disputed in this turnover action .

4

. . . However, even then the court has jurisdiction.").)  This is fatal to Appellants' arguments, since it has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal.  *See Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940) ("[District Courts] are courts with authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause and for this purpose to construe and apply the statute under which they are asked to act. Their determinations of such questions, while open to direct review, may not be assailed collaterally.").

Because subject matter jurisdiction was litigated prior to the entry of the judgment, any further challenge on that ground could only have been made on direct appeal.  *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment.").  No appeal was taken.

Contrary to Appellants' claim, *Stern v. Marshall*, 131 S. Ct. 2594 (2011) does not alter this analysis, because this case does not involve a counterclaim, nor is it solely based on state law.  No circumstances, least of all "exceptional circumstances" requiring "extraordinary relief," have been demonstrated in this record.  *Marshall v. Bd. of Educ., Bergenfield, N.J.*, 575 F.2d at 426.

Therefore, Appellants cannot collaterally challenge the Bankruptcy Court's Turnover Opinion and Order in this instance.

5

**III. Conclusion**

For the foregoing reasons, we will affirm the order of the District Court.